IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JASON LEWIS HENDERSON,            )
        Petitioner,      )
                          )  1:12CV283
        v.                )  1:09CR333-1
                          )
UNITED STATES OF AMERICA,         )
                          )
        Respondent.       )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner John Lewis Henderson, a federal prisoner, brought a Motion [Doc. #38] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which he later amended through a Motion to Amend [Doc. #48]. Petitioner was convicted in this Court of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner received a sentence of 131 months of imprisonment for his drug conviction and a consecutive sentence of 30 months of imprisonment for his firearm conviction. His sentences were based on his status as a career offender under USSG § 4B1.1, with a downward variance from the applicable career offender range.

In Petitioner's Motion, he raises a single claim for relief, contending that his career offender designation is no longer valid following United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). However, the United States Court of Appeals for the Fourth Circuit addressed the question of whether a challenge to a Guidelines career offender calculation was cognizable on

collateral review, and held that such a challenge to a Guidelines calculation was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Therefore, Petitioner's claim for relief is not cognizable and should be denied.

In Petitioner's Motion to Amend, he raises a second claim, contending that he should be resentenced under the Fair Sentencing Act of 2010. However, as Petitioner acknowledges in his Motion to Amend, that Act makes a difference only if the career offender enhancement does not apply. As the Government points out in its Response [Doc. #58], even if the Fair Sentencing Act had been applied at Petitioner's sentencing, Petitioner's career offender sentencing range would have remained the same in light of his conviction under 18 U.S.C. § 924(c). Therefore, this claim should also be denied.[1]

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #38] to vacate, set aside or correct sentence, as amended, be denied, and that this action be dismissed.

This, 26th day of October, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Government also contends that Petitioner's Motion is barred by an appeal and collateral review waiver included in his plea agreement and by the applicable statute of limitations. It appears that these arguments would also defeat Petitioner's § 2255 Motion. See Beckham v. United States, 592 F. App'x 223 (4th Cir. Feb. 9, 2015) (unpublished) (affirming the denial of a Simmons claim based on a plea agreement's waiver of collateral review rights); Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc) (holding that Simmons did not create an exception to the applicable statute of limitations). Dismissal is proper for these reasons as well.